**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CHARITY M. SNYDER-LITTLEFIELD,

    Plaintiff,

    v.

THE CREDIT PROS INTERNATIONAL,
LLC,

    Defendant.

Civil Action No. 9:23-cv-81390

**DEFENDANT THE CREDIT PROS INTERNATIONAL, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant The Credit Pros International, LLC ("Credit Pros"), by and through the
undersigned attorneys and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), as well
as Local Rule 7.1, hereby files this Motion to Dismiss the Complaint [D.E. 1] filed by
Plaintiff Charity M. Snyder-Littlefield ("Plaintiff"). In support of its Motion to Dismiss,
Credit Pros incorporates the below Memorandum of Law and states as follows:

**INTRODUCTION**

Plaintiff seeks to assert claims against Credit Pros that sound in fraud under the
Credit Repair Organization Act, 15 U.S.C. § 1679 *et seq.* ("CROA"), the Tennessee Credit
Services Businesses Act, Tenn. Code § 47-18-1001 *et seq.* ("TCSBA"), and the Tennessee
Consumer Protection Act, Tenn. Code § 47-18-104 *et seq.* ("TCPA"). But to do so, as set forth in
the Federal Rules of Civil Procedure, Plaintiff must allege such claims with particularity to
safeguard Credit Pro's reputation from improvident charges of wrongdoing. This pleading
requirement is of paramount importance where, as here, the threshold inquiry of "whether a
company is a credit repair organization under the CROA **depends on the representations made**."

*Plattner v. Edge Sols., Inc.*, 422 F. Supp. 2d 969, 974 (N.D. Ill. 2006) (emphasis added). Simply put, because Plaintiff's allegations are so thin, Credit Pros (and even this Court) cannot make that case dispositive, threshold determination because Plaintiff fails to plead her fraud-based claims with particularity. Accordingly, Credit Pros respectfully requests that the Court enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Complaint.

<u>**MEMORANDUM OF LAW**</u>

### I.      STATEMENT OF FACTS

On October 16, 2023, Plaintiff filed her Complaint against Credit Pros. While Credit Pro's alleged relationship with Plaintiff was contractual in nature (Compl. ¶ 11) and while Plaintiff's alleged actual damages are "around $2,500" (Comp. ¶ 19), Plaintiff's Complaint seeks to assert claims pursuant to 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a)),[1] the Tennessee Credit Services Businesses Act § 47-18-1003 (Count II), and the Tennessee Consumer Protection Act Tenn. Code § 47-18-104(a) (Count III) based on supposed promises, guarantees, advice, suggestions, and representations of unknown Credit Pros representatives, allegedly uttered at unknown times and entirely devoid of context. Compl., ¶¶ 9, 10, 15, 16, 18, 27, 37–39, 43, 44. Plaintiff alleges Credit Pros made the following promises, guarantees, suggestions, and representations:

9.      Plaintiff happened upon Defendant due to its representations that it could help individual consumers remove negative accounts from their credit report and improve her overall creditworthiness.

10.      Plaintiff was promised that Defendant would be able to be remove [sic] the accounts not belonging to her and would be able to improve her creditworthiness so she would be able to finance a car and buy a home.

---

[1] Count I purports to assert additional disparate CROA violations against Credit Pros predicated entirely on technical violations of CROA. *See* Count I(b) (predicated on 15 U.S.C. § 1679b(b)) and Count I(c) (predicated on 15 U.S.C. § 1679d and 1679e). These additional alleged CROA violations are not at issue in this Motion.

. . .

15.    Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services.

16.    Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on removing the fraudulent accounts from Plaintiff's credit reports, however, Defendant's conduct in that regard deceptively and misleadingly represented the services it was capable of fulfilling.

. . .

18.    Despite promising Plaintiff it would remove fraudulent accounts and improve her creditworthiness, Defendant failed to engage or fulfill its promises. As such, no significant change occur [sic] to Plaintiff's credit report through Defendant's services.

. . .

27.    Defendant violated [15 U.S.C. 1679(a)(3)-(4)] through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would remove every fraudulent accounts [sic] relating her to [sic] identity theft and improve her overall credit score; however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

. . .

37.    Defendant violated the above provision of the TCSBA in much the same way it violated 15 U.S.C. 1679(a)(3)-(4).

. . .

39.    Defendant thus violated the TCSBA by virtue of its numerous violations of the CROA.

. . .

44.    As outline above, Defendant engaged in a series of deceptive and unfair acts in relation to Plaintiff, and in doing so violated the various consumer protection laws of Tennessee applicable to such conduct.

There are no pertinent allegations elaborating or otherwise providing specificity to those reflected above, thus, Plaintiff seeks to rely on the foregoing to support her fraud-based claims. However, as addressed below, because the foregoing generalized allegations are not pleaded with particularity, Plaintiff's fraud-based claims must be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II.   STANDARDS OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Twombly*, 550 U.S. at 555.  Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . law in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusions in a pleading "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Furthermore, Federal Rule of Civil Procedure 9 provides, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is supplemental to the *Iqbal* pleading standards. *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 873 (11th Cir. 2023); *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1265 (S.D. Fla. 2021). The Eleventh Circuit interprets "particularity" as requiring plaintiffs to specify (1) the statements contended to be fraudulent, (2) identify the speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent. *Perkins v. Nat'l LGBTQ Task Force, Inc.*, 580 F. Supp. 3d 1236, 1239 (S.D. Fla. 2021) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)); *see Young*, 57 F.4th 861, 873 (11th Cir. 2023) (finding that the plaintiff failed to satisfy Rule 9(b)'s particularity requirement to plead who, what, when, how, and why); *see also Huang v. Chen*, 22-CV-60354, 2022 WL 18464362, at \*2 (S.D. Fla. Sept. 7, 2022) (same). Dismissal of a fraud claim for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) is treated as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 20-CV-23392, 2021 WL 3666312, at \*4 (S.D. Fla. Aug. 18, 2021).

## III.    DISCUSSION

Plaintiff's fraud-based claims are predicated on 15 U.S.C. § 1679b(a)(3)-(4), the Tennessee Credit Services Businesses Act, Tenn. Code § 47-18-1001 *et seq.*, and the Tennessee Consumer Protection Act, Tenn. Code § 47-18-104 *et seq.* which state, respectively:

> No person may make or use any **untrue or misleading representation** of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(3) (emphasis added).

> No person may engage, directly or indirectly, in any act, practice or course of business that constitutes or results in the commission of, or an attempt to commit, a **fraud or deception** on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(4) (emphasis added).

> A credit services business, and its salespersons, agents and representatives, and independent contractors who sell or attempt to sell the services of a credit services business, shall not do any of the following:
>
> . . .
>
> (4) Make or use any untrue or misleading representations in the offer or sale of the services of a credit services business or engage, directly or indirectly, in any act, practice, or course of business **which operates or would operate as a fraud or deception** upon any person in connection with the offer or sale of the services of a credit services business;
>
> . . .
>
> (10) Engaging in any violation of the federal Consumer Credit Protection Act.

Tennessee Credit Services Businesses Act, Tenn. Code § 47-18-1003 (emphasis added).

> (a) **A violation of this part constitutes a violation of the Tennessee Consumer Protection Act of 1977**, compiled in part 1 of this chapter. For the purpose of application of the Tennessee Consumer Protection Act of 1977, any violation of this part shall be **construed to constitute an unfair or deceptive act or practice** affecting the conduct of any trade or commerce and subject to the penalties and remedies as provided by that act.

Tennessee Consumer Protection Act, Tenn. Code § 47-18-1010(a) (emphasis added).

"[I]t cannot be seriously disputed that [15 U.S.C. § 1679b(a)(3)-(4) claims] fall within the scope of Rule 9(b)." *Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005); *see also Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004); *Millett v. Equifax Info. Services, LLC*, 1:05-CV-2122-BBM, 2006 WL 8432555, at *2 (N.D. Ga. Mar. 27, 2006); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006). This is so where, as here, such fraud-based CROA claims "rely almost exclusively

on defendant['s] allegedly 'misleading and deceptive conduct [, which] conduct 'sounds in fraud' even if it would not necessarily give rise to a cause of action for deceit at common law." *Slack*, 390 F. Supp. 2d at 911-912. And because the fraud-based TCSBA and TCPA claims Plaintiff seeks to assert against Credit Pros substantially track the language contained in the fraud-based CROA claims (and indeed refer to the federal Consumer Credit Protection Act [*see* Tenn. Code § 47-18-1003(10)]) Plaintiff seeks to assert against Credit Pros,[2] such fraud-based TCSBA and TCPA claims must also fall within the scope of Rule 9(b).

Here, the Complaint's limited and conclusory allegations reveal Plaintiff seeks to rely upon purported promises, guarantees, suggestions, and deception as to the nature of the credit repair services that Credit Pros allegedly provided Plaintiff, as well as Credit Pros' purported representation that its services would be able to "remove the accounts not belonging to her and would be able to improve her creditworthiness so she would be able to finance a car and buy a new home" in asserting her fraud-based CROA, TCSBA, and TCPA claims. Compl., ¶ 10. But Plaintiff's reliance is misplaced because her Complaint noticeably fails to allege the circumstances and representations made by Credit Pros constituting fraud with any particularity as required by Rule 9(b). Indeed, the Complaint fails to allege, *inter alia*:

1.  the identity of the speaker, including said speaker's relationship to Credit Pros, *see* Compl., ¶¶9 ("Plaintiff happened upon Defendant due to its representations that it could help individual consumers remove negative accounts . . ."), 10 ("Plaintiff was promised that Defendant would be able to remove the accounts not belonging to her . . ."), 15 ("Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear . . ."), 16 ("Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on removing the fraudulent accounts from Plaintiff's credit reports . . .");

---

[2] Indeed, Plaintiff's allegations in support of her fraud-based TCSBA and TCPA claims mirror her allegations in support of her fraud based CROA claims. *See* Compl. ¶¶ 37 ("Defendant violated the above provision of the TCSBA in much the same way it violated 15 U.S.C. 1679(a)(3)-(4)."); 43 ("Further the TCSBA provides that a violation of it constitutes a violation of the TCPA. Tenn. Code § 47-18-1010(a).").

2.  when the statements were made, *see* Compl., ¶¶ 8 ("In August 2021, Plaintiff was a victim of identify theft and wanted to remove accounts that were reporting on her credit report as a result."), and 9 ("Plaintiff happened upon Defendant due to its representations . . .");

3.  where the statements were made, *see* Compl., ¶ 9 ("Plaintiff happened upon Defendant due to its representations . . .");

4.  how the statements were made, *see* Compl., ¶¶9 ("Plaintiff happened upon Defendant due to its representations . . ."), 10 ("Plaintiff was promised that Defendant would be able to be remove [sic] to accounts not belonging to her and would be able to improve her creditworthiness . . ."), 15 ("Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear . . . "), 16 ("Furthermore, Defendant repeatedly suggested to Plaintiff . . .");

5.  how the statements were false, *see* Compl., ¶ 15 ("Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along . . . only to turn around and fail to deliver on the promises and representations . . .");

6.  the intent of the speaker when making the statements, *see, generally,* Compl.; and

7.  the complete content and context of the statements, *see, generally,* Compl.

It is well-settled that these are vital and necessary allegations that Plaintiff must assert as required by Rule 9's heightened pleading standard that serves "to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 767 (2d Cir. 1991)); *see also Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019)*; Steves & Sons, Inc. v. Trinity Glass Intern., Inc.*, CIV.A. SA06CV357XR, 2007 WL 1556743, at *3 (W.D. Tex. May 25, 2007). And, pursuant to the applicable case law, these necessary allegations are vital to determine whether Credit Pros is a credit repair organization under the CROA (or even a credit services business under TCSBA) in the first instance.

*See Plattner*, 422 F. Supp. 2d at 974. Without these allegations, Credit Pros (and even this Court) cannot make this case dispositive, threshold determination.

At its core, the Complaint simply alleges someone(s) made some representation(s) at some time(s) from some location(s) in some medium(s) that Credit Pros could somehow "remove the accounts not belonging to [Plaintiff] and would be able to improve [Plaintiff's] creditworthiness so [Plaintiff] would be able to finance a car and buy a home" but Credit Pros "failed to engage or fulfill its [unspecified] promises." Compl., ¶¶ 10, 18. This does not come close to complying with Rule 9(b)'s heightened pleading standard. *See e.g.*, *Ermolaev v. Happy Land FL, LLC*, 20-24480-CIV, 2021 WL 7084645, at *7 (S.D. Fla. Apr. 16, 2021) (Cannon, J.) ("Plaintiff does not meet the standard required to establish a claim of fraud by specifying exactly what false statements were made, when, and by whom."). As a result, this Court should enter an Order dismissing the fraud-based claims (Count I(a), Count II, and Count III) attempted to be asserted in Plaintiff's Complaint.

## CONCLUSION

Plaintiff's fraud based CROA, TCSBA, and TCPA claims (Count I(a), Count II, and Count III) recite the respective statutory language at issue but noticeably fail to allege any circumstances of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). As a result, such claims should be dismissed.

**WHEREFORE**, Defendant, Credit Pros International, LLC, respectfully requests this Court enter an Order granting the instant Motion, dismissing Plaintiff's Complaint [D.E. 1], and granting any such further and other relief in favor of Credit Pros as this Court deems just and proper.

Dated: November **13**, 2023.   Respectfully submitted,

By:  */s/ Jamey R. Campellone*
JAMEY R. CAMPELLONE
Fla. Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for The Credit Pros International, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **13th** day of November 2023, a copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By:  */s/ Jamey R. Campellone*
JAMEY R. CAMPELLONE